IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE G. GREENWOOD, | No. C 11-2684 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| ROBERT K. WONG, | |
| Respondent. | |

### INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the denial of parole by the California Board of Parole Hearings ("Board").

### ANALYSIS

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of

1    the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not
2    sufficient, for the petition is expected to state facts that point to a 'real possibility of
3    constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
4    688, 689 (1st Cir. 1970)).

**B.  LEGAL CLAIMS**

    A.  Due Process

Petitioner's first two claims are that the denial of parole violated his right to due process because the commitment offense does not demonstrate his current dangerousness and the evidence of his rehabilitation are sufficient to meet the criteria for release on parole.  These claims challenge the sufficiency of the evidence relied upon by the Board to deny parole.  For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011).  The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied.  *Id.* at 862. Petitioner does not dispute that he received an opportunity to be heard and a statement of the reasons parole was denied.  The constitution does not require more.  *Ibid.*  The court in *Swarthout* explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.*  It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863.   In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, petitioner's claims challenging the sufficiency of the evidence underlying the denial of parole fail to state a cognizable basis for federal habeas relief.

    B.  Ex Post Facto

Petitioner claims that the Board's decision not to schedule another parole hearing for three more years pursuant to "Marsy's Law" violates the Ex Post Facto Clause.  This claim has been rejected by the Ninth Circuit. *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1105, 1107,

1109-11 (9th Cir. 2011).  Accordingly, this claim will be dismissed.

## CONCLUSION

In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed.  Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June   30  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\GREENWOOD2684.DSM.wpd

3